SUPERIOR COURT
OF THE
STATE OF DELAWARE

**RICHARD F. STOKES**
*JUDGE*

**SUSSEX COUNTY COURTHOUSE**
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

August 15, 2016

Melanie N. Breech, *pro se*
27804 Possum Point Road
Millsboro, DE 19966

Paige J. Schmittinger, Esquire
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801

Dennis L. Schrader, Esquire
R. Eric Hacker, Esquire
107 West Market Street
P.O. Box 690
Georgetown, DE 19947

RE:    ***Melanie Breech v. The Town of Ocean View and Unemployment Insurance Appeal Board***
C.A. No.: S15A-12-001 RFS

Submitted: June 13, 2016
Decided: August 15, 2016

Dear Parties:

Before the Court is the appeal of Melanie Breech ("Ms. Breech") of a decision rendered against her by the Unemployment Insurance Appeal Board (the "Board") finding that she was disqualified for unemployment benefits because her employer, The Town of Ocean View (the "Town"), discharged her for good cause. For the reasons explained below, the Board's decision is **AFFIRMED.**

## Background

Ms. Breech began her employment as a receptionist with the Town on October 30, 2003. On May 13, 2015, Ms. Breech was terminated after testing positive for marijuana in violation of certain Town policies. Ms. Breech received and signed-off on a copy of the Town's Personnel

Policy on September 16, 2009. The Court specifically looks to the Town's policies regarding obedience to the law and substance abuse.

Section 28-20(A)(7) states, "Each employee is expected to obey and comply with all Town, state, and federal ordinances, laws, and statutes, as well as all written and verbal Town and department policies, procedures, and work rules." With respect to substance abuse, the following activities are prohibited:

(1) Possessing or consuming any illegal drugs or controlled substance while on duty;
(2) Placing, carrying, or allowing the placement of any unauthorized alcoholic beverage, illegal drug, or controlled substance, in an Town structure, vehicle or equipment;
(3) Reporting to work under the influence of illegal drugs or controlled substances;
(4) Reporting to work under the influence of alcohol; a blood alcohol concentration of .05% or greater shall be conclusive evidence of a violation, but shall not preclude other evidence of being under the influence;
(5) Being under the influence of alcohol and/or illegal drugs or controlled substances while being paid to be on-call;
(6) Operating any Town vehicle, heavy equipment or potentially dangerous machinery or power equipment while under the influence of any illegal drugs or controlled substances and/or while under the influence of alcohol;
(7) Selling or distributing or arranging the sale or distribution of any illegal drug or controlled substance to any person while on duty; and
(8) Refusing to submit to an alcohol and/or drug test as required by this chapter and/or as required by any governing state or federal regulation.[1]

Any employee who engages in any of the above-mentioned activities can be subject to dismissal.[2]

Ms. Breech subsequently applied for unemployment benefits alleging that the Town terminated her without just cause. On June 4, 2015, a Claims Deputy determined that Ms. Breech was disqualified for benefits under 19 *Del. C.* § 3314(2) because Breech was discharged for just cause in connection with her work. Ms. Breech filed an appeal, and a hearing was scheduled before an Appeals Referee.

At the hearing, the Town presented the testimony of Charles McMullen, Ms. Breech's supervisor, and Dianne Vogel, the Town Manager. Ms. Breech was present at the hearing but neither testified nor submitted any additional evidence. The Appeals Referee reversed the

---

[1] Town C. § 28-32(B)(1)-(7).
[2] Town C. § 28-32(C).

decision of the Claims Deputy and concluded that Ms. Breech was qualified for benefits because she was discharged from her work without just cause.[3] The Town appealed this decision to the Board.

On November 4, 2015, the parties appeared before the Board. The Town presented the testimony of Diane Vogel. She testified that Ms. Breech was discharged because she admitted to using marijuana and refused to stop. Again, Ms. Breech did not testify or present any additional evidence. On December 1, 2015, the Board reversed the decision of the Appeals Referee finding that the Town had proven, by a preponderance of the evidence, that Ms. Breech was discharged for just cause in connection with her work. The Board stated:

> The Board finds that [the Town] has a relevant policy, specifically § 28-20A(7). [Ms. Breech] received the Town of Ocean View policies on September 16, 2009. The relevant policy states in its entirety, "Each employee is expected to obey and comply with all Town, state, and federal ordinances, laws, and statutes, as well as any written and verbal Town and department policies, procedures, and work rules." [Ms. Breech] acknowledged marijuana usage and stated she would continue to use marijuana. [Ms. Breech] now has a medical marijuana card; however, at the time of termination her marijuana usage was illegal. [Ms. Breech] admitted to using marijuana daily at her termination meeting in front of the Town Manager, her supervisor, and a police officer. [Ms. Breech] showed a complete disregard and lack of respect toward Town Policies, state, and federal law.
>     The Board finds that [Ms. Breech] admitted to illegal usage of marijuana in violation of [the Town's] policy requiring her to obey and comply with local, state, and federal law. This conduct rises to the level of willful and wanton. . . . The Board reverses the decision of the Referee.[4]

Ms. Breech filed a timely appeal to this Court on December 7, 2015. Briefing is complete, and the matter is ripe for decision.

### Standard of Review

The Court's appellate review of decisions of the UIAB is limited. The Court must ascertain whether the Board's conclusions are supported by substantial evidence and free from legal error.[5] Substantial evidence means such relevant evidence as a reasonable mind might

---

[3] *Breech v. The Town of Ocean View*, Appeal Docket No. 70992703 (Aug. 21, 2015).
[4] *Breech v. The Town of Ocean View*, UIAB Appeal Docket No. 70992703 (Dec 1, 2015), *rev'g* Decision of Appeals Referee (Aug. 21, 2015).
[5] *Gsell v. Unclaimed Freight*, 1995 WL 339026, at *2 (Del. Super. May 3, 1995).

accept as adequate to support a conclusion.[6] The Court will not weigh evidence, determine questions of credibility, or make its own factual findings.[7] Instead, the Court is restricted to a consideration of the record[8] in a light most favorable to the prevailing party before the UIAB.[9]

## Discussion

In support of her appeal, Ms. Breech argues that while she was not a medical marijuana cardholder[10] at the time of her termination, she would have been had the process of becoming a cardholder was faster. Therefore, she contends that her marijuana use is protected pursuant to the Delaware Medical Marijuana Act ("DMMA").[11]

Under Delaware law, "[a]n individual shall be disqualified for benefits . . . [f]or the week in which the individual was discharged from the individual's work for just cause in connection with the individual's work."[12] In the unemployment context, just cause is defined as "a willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standards of conduct."[13] "Willful and wanton conduct is that which is evidenced by either conscious action, or reckless indifference leading to a deviation from established and acceptable workplace performance."[14] In termination cases, the burden is on the employer to demonstrate just cause.[15]

Delaware courts have held that a "violation of a reasonable company rule may constitute just cause for discharge if the employee is aware of the policy and the possible subsequent

---

[6] *Oceanport Ind. v. Wilm. Stevedores*, 636 A.2d 892, 899 (Del. 1994).
[7] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 782 (Del. 2011).
[8] *Hubbard v. Unemployment Ins. Appeal Bd.*, 352 A.2d 761, 763 (Del. 1976).
[9] *Thompson*, 25 A.3d at 782.
[10] Under the DMMA, a cardholder is "a qualifying patient or designated caregiver who has been issued and possesses a valid registry identification card." 16 *Del. C.* § 4902A(1).
[11] 16 *Del. C.* § 4903A(a) states:

> A registered qualifying patient shall not be subject to arrest, prosecution, or denial of any right or privilege, including but not limited to civil penalty or disciplinary action by a court or occupational or professional licensing board or bureau, for the medical use of marijuana pursuant to this chapter, if the registered qualifying patient does not possess more than 6 ounces of usable marijuana.

[12] 19 *Del. C.* § 3314(2).
[13] *Stewart v. Connections*, 2008 WL 2700290, at *2 (Del. Super. July 9, 2008).
[14] *Husfelt v. Mary Campbell Center*, 2008 WL 2943395, at *2 (Del. Super. June 25, 2008).
[15] *Bozier v. Mountaire Farms & Unemployment Ins. Appeal Bd.*, 2014 WL 3894063, at *3 (Del. Super. Aug. 7, 2014).

termination."[16] A review of the record demonstrates that despite an awareness of company policy, Ms. Breech freely and voluntarily admitted to using marijuana. Section 28-20(A)(7) requires employees of the Town to obey local, state, and federal rules. At the time of her drug test, marijuana usage was illegal. Accordingly, Ms. Breech's violation of the Town's policy constitutes just cause for her termination.

Ms. Breech's argument that, had the process of becoming a cardholder been faster, her marijuana use would have been legal is without merit. Preliminarily, 16 *Del. C.* § 4907A(b) states, "Nothing in this chapter prohibits an employer from disciplining an employee for ingesting marijuana in the workplace or working while under the influence of marijuana." Notwithstanding that provision, none of the protections afforded by the DMMA applied to Ms. Breech because at the time of her violation, she was not a cardholder. The alleged delay in receiving the medical marijuana car has no bearing on the situation.

Finally, Ms. Breech cites *Burger v. Unemployment Compensation Bd. of Review*,[17] to argue, albeit unclearly, that the Town failed to establish that she was either "under the influence" during work hours or that her job performance was affected. Ms. Breech's reliance on *Burger* is unavailing. In *Burger*, there were no policies governing employee conduct.[18] By contrast, the Town promulgated § 28-20(A)(7), which mandates employee compliance with local, state, and federal law. Ms. Breech admitted to using marijuana which violates this policy.

---

[16] *Id.*
[17] 801 A.2d 487 (Pa. 2002).
[18] *Id.* at 142.

**Conclusion**

After a consideration of the record in a light most favorable to the Town, the Court finds that the Board's decision is supported by substantial evidence and free from legal error. Accordingly, the decision of the Board is **AFFIRMED.**

      **IT IS SO ORDERED.**

Very truly yours,

*/s/ **Richard F. Stokes***


Richard F. Stokes


cc:     Prothonotary's Office